IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOHN DOE, | ) | |
|     Plaintiff, | ) | Case No.: |
| | ) | |
| vs. | ) | Jury Trial Not Demanded |
| | ) | |
| (1) THE UNITED STATES | ) | Attorney Lien Claimed |
|     Defendant. | ) | |

**MOTION FOR ORDER
ALLOWING PLAINTIFF TO PROCEED PSEUDONYMOUSLY**

COMES NOW, Plaintiff John Doe, by and through attorney Michael A. Risley, and respectfully requests that the Court allow him to proceed pseudonymously.

1. Plaintiff John Doe has filed a Complaint requesting that the Court order the following: (a) reversal of the gun purchase denial at NTN 103XDB6HG, if the firearm has not been resold; (b) entry of Plaintiff into CJIS' Voluntary Appeal File, and the issuance of a UPIN by CJIS; and (c) attorney fees and costs, if Plaintiff "prevails" and the Court believes it to be appropriate.

2. Plaintiff's claims rely factually on his Oklahoma state criminal record, which as been entirely expunged in Oklahoma's state courts under authority of 22 O.S. §18(A). Although Plaintiff wishes to address the claims in his Complaint, he does not want to create new records referencing his criminal record by filing this case publicly under his full name. Accordingly, Plaintiff requests that he be allowed to proceed pseudonymously as "John Doe" in this case.

3. This request does not prejudice Defendant, the United States, as they can easily locate Plaintiff by any of the following means:
    1. his NTN number, 103XDB6HG;
    2. his Oklahoma criminal record identifier, OSBI #1143718;
    3. his federal criminal record identifier, FBI #986449FB2.

4. Finally, if those means are insufficient, Attorney for Plaintiff is happy to provide Defendant or the Court with any and all identifiers that they need, in private communication or under seal.

**ARGUMENT AND AUTHORITIES**

The Federal Rules of Civil Procedure and the Local Rules for the Western District of Oklahoma do not provide guidance on proceeding pseudonymously under this fact pattern. However, the Tenth Circuit has been clear that parties seeking to proceed pseudonymously must ask the Court for permission to do so. W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir. 2001).

The Tenth Circuit has also pronounced a general rule, that plaintiffs may "proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000) (citing Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)); *see also* Lindsey, 592 F.2d at 1125 (proceeding pseudonymously is "allowed only where there is an important privacy interest to be recognized.").

The decision on whether to allow litigation by pseudonym is left to this Court's discretion. M.M. v. Zavaras, 139 F.3d 798, 802 (10th Cir. 1998) ("[T]here is no legal right in parties either to be allowed anonymity or to avoid it, and … trial courts correspondingly have no unreviewable license either to grant or deny anonymity on general principles, but power only to grant or deny it on the basis of an informed discretion." Id. at 803 (quoting James v. Jacobson, 6 F.3d 233, 242 (4th Cir. 1993)).

Plaintiff avers that this case falls squarely into the third category provided by Femedeer, "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."

Specifically, Plaintiff has sought to put his state criminal record behind him for several years, and has been granted the following relief at the state level:

a) a full and complete pardon by Governor Stitt, on 03/12/2025;

b) a full and complete 22 O.S. §18(A) expungement of his Canadian County cases, on 06/25/2025;

c) a full and complete 22 O.S. §18(A) expungement of his Grady County cases, on 07/03/2025;

d) a full and complete 22 O.S. §18(A) expungement of his Stephens County cases, on 10/06/2025;

As such, Plaintiff has been granted all possible relief – both pardon and expungement – at the state level, and now seeks to use this litigation to correct his criminal record at the federal level through the issuance of a Unique Personal Identifying Number (UPIN) by CJIS. As discussed more in detail in his Complaint, the UPIN will identify Plaintiff and his criminal record – including his expunged records – to federal law enforcement, which would authorize him to pass a federal background check and purchase a firearm.

Accordingly, to litigate this §925A claim and be granted a UPIN, Plaintiff's expunged criminal record must obviously be discussed. If Plaintiff proceeds under his full name, while discussing his expunged criminal record, this will effectively undo his state level expungements by creating new public records of his criminal history in the Western District of Oklahoma and on PACER.

Plaintiff seeks to avoid shooting himself in the foot in this manner, and thus requests permission to proceed under the third category of Femedeer, "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."

Finally, Plaintiff also avers that there is no prejudice to Defendant, in that they will be able to easily locate Plaintiff through the identifying numbers provided above, by contacting Attorney for Plaintiff directly, or by reviewing Plaintiff's sealed exhibits.

As to the sole remaining interest – that of the public's – Plaintiff believes that the prior court orders expunging his criminal record are sufficient to overcome the presumption of openness in these proceedings. *See* 22 O.S. §19(G), requiring the state court to weigh the public's interest in retaining Plaintiff's criminal records prior to granting an expungement of the same. The state court's decision on this issue can and should be respected.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) That he be allowed to proceed pseudonymously as "John Doe";

Respectfully,

ATTORNEY FOR PLAINTIFF
LIEN CLAIMED PER 5 O.S. §6
Michael A. Risley, OBA #30231
3700 N. Classen Blvd. Ste. 150
Oklahoma City, Ok. 73118
Tel: 405.801.2116 | michael@michaelrisley.com