**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JOHN DOE,                                           )
                                                    )
                  Plaintiff,                        )
                                                    )
v.                                                  )          Case No. CIV-26-642-J
                                                    )
UNITED STATES,                                      )
                                                    )
                  Defendant.                        )

## ORDER

Using a pseudonym, Plaintiff filed suit alleging that he has been unconstitutionally denied his right to purchase a firearm because a California sheriff's department inaccurately reported criminal activity to the Federal Bureau of Investigation's Criminal Justice Information System. Plaintiff now seeks permission to proceed under that pseudonym [Doc. No. 3] and moves for a protective order relating to his exhibits [Doc. No. 4] on grounds that he received a pardon for past criminal convictions and has had the convictions expunged. Plaintiff wishes to assert his Second Amendment rights without "creating new records referencing his [expunged] criminal record." [Doc. No. 3].

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). There is no "specific statute or rule supporting the practice," and "the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties." *Id.* (citing Fed. R. Civ. P. 10, 17(a)).

Still, a plaintiff may be permitted to proceed under a pseudonym in certain "exceptional cases." *Id.* While "[t]he risk that a plaintiff may suffer some embarrassment is not enough," pseudonym status may be warranted in "cases involving matters of a highly sensitive and personal

nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (cleaned up). However, "[l]awsuits are public events" and "there is no legal right" to anonymity. *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023).

Plaintiff contends that his suit warrants anonymity as he "has sought to put his state criminal record behind him for several years" and has been granted "both pardon and expungement." [Doc. No. 3 at 2-3]. But the convictions Plaintiff describes in his Complaint are not of a highly sensitive and personal nature and he has not articulated any injury that would likely occur from the disclosure of his identity. Thus ,weighing any prejudice to Plaintiff against the public's interest in knowing the facts and parties involved in this case, the Court finds that Plaintiff is not entitled to proceed under a pseudonym. *See Luo v. Wang*, 71 F.4th 1289, 1299-1300 (10th Cir. 2023) (affirming the district court's decision not to allow plaintiff to proceed anonymously, despite the personal nature of her allegations, where plaintiff could not articulate any real injury that would outweigh the public's interest in the proceedings). Moreover, the Court notes there remain less drastic procedures available, such as the issuance of a protective order, to shield Plaintiff's expunged criminal record from public view.

Accordingly, Plaintiff's motion to proceed as John Doe [Doc. No. 3] is DENIED. However, the Court GRANTS Plaintiff's related motion for a protective order [Doc. No. 4] and he may file the referenced exhibits under seal.

Plaintiff must file an amended complaint, captioned with his true name, no later than April 9, 2026.

IT IS SO ORDERED this 2nd day of April, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE